Filed 9/3/15  P. v. Sanchez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FELIX SANCHEZ,<br><br>    Defendant and Appellant. | B260124<br><br>(Los Angeles County<br>Super. Ct. No. NA096496) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard R. Romero, Judge.  Affirmed.

Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Felix Sanchez appeals from his convictions of felony vandalism and misdemeanor assault. Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Viewed in accordance with the usual rules on appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357–358), the evidence established that, upon arriving at the home of his ex-girlfriend, Noel Becnel, at about 3:00 a.m. on May 27, 2013, defendant discovered Christopher Sosa hiding in a walk-in closet in the bedroom. A physical altercation followed, involving defendant, Sosa and Becnel. During the altercation, Sosa was trapped in the closet. There was conflicting evidence as to whether defendant punched Becnel in the face with a closed fist, hit Sosa and Becnel with a metal closet pole and threatened to shoot Sosa. Eventually, Sosa escaped from the closet and ran to his truck. It was undisputed that defendant followed Sosa and used a metal pole to ravage the truck, causing several thousand dollars in damage. Sosa's physical injuries included a twisted ankle and torn ligaments sustained when he fell down the front steps as he was running away, as well as bumps on his head and bruises on his back where the pole hit him.

By the time the two police officers responding to a reported assault with a deadly weapon in progress arrived, defendant was gone. The description of events Becnel and Sosa gave the officers at the scene was generally consistent with Sosa's trial testimony. In addition to a bleeding leg wound, officers observed scratches on Sosa's arms and back, but no wounds on his face. They observed scratches on Becnel's back, bruises on her arms and abrasions on her stomach. Photographs of these injuries taken by the officers were introduced into evidence.

Becnel testified that on May 26, she encountered defendant, her ex-boyfriend, at a brunch. When the brunch ended at 5:00 p.m., they made vague plans to get together later that day. Becnel spent the rest of the day drinking with friends. Sometime before midnight, Becnel was intoxicated when she either called or texted defendant to come over, but she later rescinded that invitation. Becnel was still intoxicated went she went to

2

sleep at about 1:00 a.m. the next morning, May 27. When she woke up a little before 3:00 a.m., she realized she had received a number of texts. Her description of the events which followed was generally consistent with Sosa's, except she denied that defendant punched her or hit Sosa with a metal closet rod.

Defendant's testified that when he received Becnel's text rescinding the invitation, he responded that it was too late, he was already there. Using his own set of keys to enter the house, defendant was surprised to find the bedroom door locked and when Becnel opened it, he suspected something was amiss. As he walked by the closet on his way to the bathroom, defendant noticed some movement in the closet. Defendant pushed open the door and the next thing he knew, Sosa flew out of the closet and they were fighting. Defendant thought Sosa was an intruder, but when Becnel said she knew him, defendant stopped fighting. While defendant and Becnel were arguing, Sosa emerged from the closet swinging a pole. Defendant got the pole away from Sosa and threw it out of the room. Defendant followed Sosa as he ran out of the house. As Sosa was trying to get into his truck, defendant grabbed the metal pole, ran to the truck and used the pole to cause extensive damage to the truck; with a bottle he found inside the truck, defendant smashed the truck's back window. Defendant wrecked Sosa's truck because he was mad, but he never threatened to kill Sosa or to shoot him; he may have kicked Sosa during the fight.

Defendant was charged with assault with a deadly weapon upon Sosa (Pen. Code, § 245, subd. (a)(1)) (count 1), criminal threats (Pen. Code, § 422, subd. (a)) (count 2), felony vandalism (Pen. Code, § 594, subd. (a)) (count 3), and assault by means likely to produce great bodily injury upon Becnel (Pen. Code, § 245; subd. (a)(4)) (count 4). On counts 1 and 4, the jury convicted defendant of the lesser included crime of misdemeanor assault; defendant was also convicted of felony vandalism (count 3); the jury found defendant not guilty of criminal threats (count 2). Defendant was sentenced to a total of three years comprised of the two-year mid-term on count 3, plus a consecutive six months in jail on count 1, plus a consecutive six months in jail on count 4. Defendant timely appealed.

3

We appointed separate counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that he/she had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. He filed no supplemental brief.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:



BIGELOW, P. J.



FLIER, J.


4